## Maloney et al. v. Commonwealth.

(Decided June 12, 1936.)

BEVERLY WHITE for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellants were jointly indicted, tried, and convicted for stealing chickens of the value of more than $2, the property of another. Ky. Stats., sec. 1201c. The jury fixed punishments at two years in the penitentiary. They appeal.

On the trial Mary Maloney, the mother of Pat, testified that some time in March, 1936, she lost eight chickens, and on the morning after the loss she went

784

to the store of Arthur Chaney, identified the chickens, paid the merchant $3.28, which he had paid Pat for the chickens, and took them home with her. She testified that Pat lived with her, and on cross-examination said that she and Pat were the joint owners of the chickens; that she objected to his selling them because he failed to get the market price. Chaney said that Pat and King brought the chickens to his store one night about 12 o'clock and wanted to sell them and buy a sack of flour. He bought them, and, as testified by Mrs. Maloney, upon her identification surrendered them to her. Other witnesses testified that on the Sunday morning following, Pat was in a crowd and bragging about stealing the chickens from his mother.

Pat admitted very frankly that he and King got the chickens and sold them to Chaney for the above-named sum. He also testified that he and his mother were joint owners of the chickens, and that he had asked King to go with him and help him get the chickens, which he did, and King makes the same statement.

This was all the proof, and a reversal is asked on several grounds, one of which is, that the chickens being the joint property of Pat and his mother, no larceny was committed, hence the court should have sustained the joint motion to have the jury return a directed verdict of not guilty, and in this contention we think they are correct. Brief of the Attorney General does not contend otherwise on this point.

There was no proof offered denying the testimony of Mary and Pat Maloney that the chickens were partnership property or property owned by them jointly. This being true, there was no larceny of the property.

"A part owner or partner is not guilty of larceny by taking the joint or partnership property from the other; each owns an undivided interest in the property, and there is in fact no taking."

Roberson's New Criminal Law and Procedure, sec. 813, p. 1021.

"When there are joint or tenants in common of a personal chattel, and one of them carries away and disposes of it, this is no larceny; there is in fact no taking for he is already in possession of it; it is merely the subject of an action on account."

Wharton's Criminal Law, sec. 1162.

"If A and B be joint tenants in common of a horse, and A takes the horse, even animo furandi, yet it will not be a felony because one tenant in common taking the whole, only does what he may do by law."

Russell on Crimes (9th Ed.) 282. See, also, 36 C. J. p. 782, sec. 152, and cases cited.

Since there was no larceny by Pat, it follows that King was not guilty of a felony. The case must be reversed for the error of the court below in refusing the peremptory instruction requested by appellants.

Judgment reversed, with directions to grant appellants a new trial, and for proceedings consistent with this opinion.